**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4151**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

TRAMARTIE GRADE, a/k/a Tremartie Grade,

              Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:15-cr-00131-MOC-1)

Submitted:  September 30, 2016        Decided:  October 5, 2016

Before MOTZ, KING, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Chiege O. Kalu Okwara, Charlotte, North Carolina, for Appellant. Jill Westmoreland Rose, United States Attorney, Anthony J. Enright, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tramartie Grade appeals his 92-month sentence following his guilty plea for unlawfully possessing a firearm, in violation of 18 U.S.C. § 922(g)(1) (2012). On appeal, Grade argues that the district court clearly erred during sentencing when it applied the attempted murder cross-reference. U.S. Sentencing Guidelines Manual § 2K2.1(c) (2015). Finding no reversible error, we affirm.

We review a district court's factual findings underlying a cross-reference application for clear error. United States v. Ashford, 718 F.3d 377, 380 (4th Cir. 2013). The government must prove the facts underlying a cross-reference by a preponderance of the evidence. United States v. Davis, 679 F.3d 177, 182 (4th Cir. 2012).

Grade argues the cross-reference does not apply to his sentence because: (1) the evidence does not support a finding that Grade possessed the malice required for attempted murder, and (2) the facts support a finding of self-defense. Based on the testimony presented at Grade's sentencing hearing and the district court's credibility determinations, we find no clear error in the district court's finding that a preponderance of the evidence showed Grade had the culpable intent to commit murder. See 18 U.S.C. § 1111(a) (2012) (requiring malice aforethought for murder); United States v. Engle, 676 F.3d 405,

2

419-20 (4th Cir. 2012) (requiring government to show defendant intended to commit crime to prove attempt). Nor does the testimony of either the Government's witnesses or Grade support a finding of self-defense. Thus, the district court did not clearly err when it applied the attempted murder cross-reference.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions were adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3